**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

SOUTHWEST MARINE, INC.,
              *Petitioner-Appellant,*

              v.

UNITED STATES OF AMERICA,
GORDON R. ENGLAND, United
States Secretary of the Navy, in
his official capacity,
              *Respondents-Appellees.*

No. 07-55229

D.C. No.
CV-05-01189-WQH

OPINION

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted
June 4, 2008—Pasadena, California

Filed August 6, 2008

Before: Alex Kozinski, Chief Judge, Ruggero J. Aldisert*
and Dorothy W. Nelson, Circuit Judges.

Opinion by Judge Aldisert

---

*The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge
for the Third Circuit, sitting by designation.

**COUNSEL**

Peter B. Jones, Jones & Donovan, Newport Beach, California, for the petitioner-appellant.

Peter B. Keiser, Jeanne E. Davidson, Bryant G. Snee, Commercial Litigation Branch, Civil Division, Department of Justice, for the respondents-appellees.

**OPINION**

ALDISERT, Circuit Judge:

Appellant Southwest Marine, Inc., appeals from a judgment of the United States District Court for the Southern District of California granting summary judgment in favor of the United States of America and the Secretary of the Navy. In this appeal, we must determine whether fees incurred by Southwest Marine during its unsuccessful defense of a private party Clean Water Act lawsuit are allowable costs under Subpart 31.2 of the Federal Acquisition Regulation ("FAR"), 48 C.F.R. §§ 31.201-31.205. We hold that Southwest Marine's costs are not allowable and affirm the judgment of the District Court.

I.

A.

Southwest Marine, the operator of a shipyard in San Diego, California, was awarded and performed several contracts with the United States Navy for repairs and alterations to Naval vessels. During the time period relevant to this dispute, some of Southwest Marine's government contracts were cost-reimbursement contracts, which provided that the Government would reimburse Southwest Marine's costs deemed allowable in accordance with Subpart 31.2 of the FAR.

On April 30, 1996, several private parties, including the Natural Resources Defense Council ("NRDC"), notified Southwest Marine and certain state and federal agencies that they believed Southwest Marine was violating the Clean Water Act, 33 U.S.C. §§ 1251-1376. The government agencies declined to act on the complaint, and on August 27, 1996, the NRDC filed suit against Southwest Marine in the United States District Court for the Southern District of California.[1] The complaint alleged violations of the Clean Water Act and sought declaratory relief, injunctive relief and civil penalties as authorized by the Act.

After a bench trial, the district court found that Southwest Marine had been in violation of the Clean Water Act since August 26, 1996. In addition to injunctive relief, the district court imposed a $799,000 civil penalty pursuant to 33 U.S.C. § 1319(d). Payment of the penalty was to be made to the United States Treasury. The district court noted, however, that the penalty could be offset by direct costs incurred by Southwest Marine in improving its stormwater diversion system.

---

[1] A private citizen may bring an action for violation of the Clean Water Act pursuant to 33 U.S.C. § 1365(a).

The district court also found that, as the prevailing party, the NRDC was entitled to an award of its attorneys' fees.[2]

Southwest Marine appealed the district court's decision, and a panel of this Court affirmed the judgment, injunctive relief and civil penalty. *Natural Res. Def. Council v. Southwest Marine, Inc.*, 236 F.3d 985 (9th Cir. 2000). On May 7, 2002, a magistrate judge issued an order finding that Southwest Marine's direct costs of improvements exceeded the amount of the civil penalty imposed by the district court and recommended that no penalty be paid to the United States Treasury. The district court accepted the magistrate judge's findings.

From 1998 to 2001, Southwest Marine incurred $2,761,509 in fees and expenses associated with its unsuccessful defense of the NRDC's lawsuit. Southwest Marine included these expenses in its general and administrative indirect cost pool and assigned the costs to all of its contracts, including its cost-reimbursement government contracts.

B.

In 2001, the Defense Contract Audit Agency ("DCAA") initiated an audit to determine the allowability of Southwest Marine's costs associated with the NRDC's lawsuit. The DCAA audit report questioned the allowability of the costs, and the dispute was assigned to a contracting officer. On December 11, 2002, Southwest Marine submitted a certified claim seeking a decision by the contracting officer that its costs were allowable under the FAR. On May 22, 2003, the contracting officer denied the claim. Southwest Marine filed a timely appeal to the Armed Services Board of Contract Appeals.

---

[2]A court may award attorneys' fees to a prevailing party in a Clean Water Act lawsuit pursuant to 33 U.S.C. § 1365(d).

In making its allowability determination, the Board relied on *Boeing North America, Inc. v. Roche*, 298 F.3d 1274 (Fed. Cir. 2002). Pursuant to *Boeing*, the Board determined that Southwest Marine's costs were unallowable because they were similar to the costs disallowed in FAR § 31.205-47(b). Southwest Marine appealed the Board's decision to the District Court. The District Court affirmed the Board's determination and denied Southwest Marine's motion for summary judgment.

Southwest Marine appeals the District Court's denial of its motion for summary judgment and the District Court's determination that its claimed costs are unallowable.

## II.

The Board had jurisdiction over the contracting officer's determination of unallowability pursuant to the Contract Disputes Act, 41 U.S.C. §§ 606, 607. Because the contract at issue in this case is a maritime contract, Southwest Marine properly appealed the Board's determination to the District Court. *Id.* § 603. We have jurisdiction over final orders of the District Court pursuant to 28 U.S.C. § 1291.

"Statutory and regulatory constructions are questions of law, which we review *de novo*." *Lear Siegler Servs., Inc. v. Rumsfeld*, 457 F.3d 1262, 1266 (Fed. Cir. 2006); *see also* 41 U.S.C. § 609(b). Although we need not defer to the Board's or District Court's interpretation of the FAR provisions at issue in this case, *Brownlee v. DynCorp*, 349 F.3d 1343, 1349 (Fed. Cir. 2003), the Board deserves due respect because of its expertise concerning government contracts, *Lear*, 457 F.3d at 1266.

## III.

### A.

The allowability of costs under cost-reimbursement government contracts is governed by FAR Subpart 31.2. Section

31.204, which provides guidance for determining whether specific costs are allowable, states:

> (a) Costs shall be allowed to the extent they are reasonable, allocable, and determined to be allowable under 31.201, 31.202, 31.203, and 31.205. These criteria apply to all of the selected items that follow, even if particular guidance is provided for certain items for emphasis or clarity.

> * * * * *

> (c)   Section 31.205 does not cover every element of cost. Failure to include any item of cost does not imply that it is either allowable or unallowable. The determination of allowability shall be based on the principles and standards in this subpart and the treatment of similar or related selected items. When more than one subsection in 31.205 is relevant to a contractor cost, the cost shall be apportioned among the applicable subsections, and the determination of allowability of each portion shall be based on the guidance contained in the applicable subsection. When a cost, to which more than one subsection in 31.205 is relevant, cannot be apportioned, the determination of allowability shall be based on the guidance contained in the subsection that most specifically deals with, or best captures the essential nature of, the cost at issue.

48 C.F.R. §§ 31.204(a), (c).[3]

Southwest Marine focuses on FAR § 31.205-33 to contend that its costs are allowable. Section 31.205-33 provides:

---

[3]All references to FAR provisions in this opinion are to the version of the FAR in effect at the time of the award of the contract at issue in this case. In the current version of the FAR, § 31.204(c) has been renumbered as § 31.204(d).

(a) Professional and consultant services, as used in this subsection, are those services rendered by persons who are members of a particular profession or possess a special skill and who are not officers or employees of the contractor. Examples include those services acquired by contractors or subcontractors in order to enhance their legal, economic, financial, or technical positions. Professional and consultant services are generally acquired to obtain information, advice, opinions, alternatives, conclusions, recommendations, training, or direct assistance, such as studies, analyses, evaluations, liaison with Government officials, or other forms of representation.

(b) Costs of professional and consultant services are allowable subject to this paragraph and paragraphs (c) through (f) of this subsection when reasonable in relation to the services rendered and when not contingent upon recovery of the costs from the Government (but see 31.205-30 and 31.205-47).

*Id.* §§ 31.205-33(a), (b).

**[1]** The Government focuses on FAR § 31.205-47(b) to contend that Southwest Marine's claimed costs are unallowable. Section 31.205-47(b) provides:

(b) Costs incurred in connection with any proceeding brought by a Federal, State, local, or foreign government for violation of, or a failure to comply with, law or regulation by the contractor (including its agents or employees), or costs incurred in connection with any proceeding brought by a third party in the name of the United States under the False Claims Act, 31 U.S.C. § 3730, are unallowable if the result is —

\* \* \* \* \*

(2) In a civil or administrative proceeding, either a finding of contractor liability where the proceeding involves an allegation of fraud or similar misconduct or imposition of a monetary penalty where the proceeding does not involve an allegation of fraud or similar misconduct.

*Id.* § 31.205-47(b).

**[2]** Because no provision of the FAR explicitly addresses Southwest Marine's costs, § 31.204(c) directs us to examine the FAR's treatment of similar or related costs. *Id.* § 31.204(c). We determine that the costs disallowed in FAR § 31.205-47(b) are similar to the costs at issue in this case. Although the costs for which Southwest Marine seeks reimbursement arose from a lawsuit that was not brought by the government, the Clean Water Act authorizes both citizen and governmental suits and permits the government to intervene in any suit brought by a private citizen. 33 U.S.C. § 1365(c)(2). When a private citizen brings an action for violation of the Clean Water Act, the citizen acts as a "private attorney general," suing on behalf of the public. *Saboe v. Oregon,* 819 F. Supp. 914, 916 (D. Or. 1993). These citizen suits supplement the governmental remedies available through the Act. *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 60 (1987). Additionally, if a private citizen successfully proves a Clean Water Act violation, the monetary penalties provided for by the Act are mandatory and inure to the United States Treasury, not to the citizen-plaintiff. 33 U.S.C. § 1319(d); *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1354 (9th Cir. 1990). Although we recognize differences in the NRDC's lawsuit and the litigation described in § 31.205-47(b), we believe that Southwest Marine's costs are similar to the costs disallowed in § 31.205-47(b) and thus are unallowable.[4] *See* 48 C.F.R. § 31.204(c)

---

[4]This conclusion is supported by the Federal Circuit's decision in *Boeing*. *See Boeing*, 298 F.3d at 1285-1286. In *Boeing*, the Federal Circuit

("The determination of allowability shall be based on the principles and standards in this subpart and the treatment of similar or related selected items.").

## B.

**[3]** We do not find persuasive Southwest Marine's contention that its claimed costs are allowable under § 31.205-33. Section 31.205-33(a)'s definition of professional and consultant service costs arguably includes some costs of legal services. *See id.* § 31.205-33(a) ("Professional and consultant services . . . are those services rendered by persons who are members of a particular profession or possess a special skill . . . . Examples include those services acquired by contractors or subcontractors in order to enhance their legal, economic, financial, or technical positions."). Southwest Marine's costs, however, do not merely represent the costs of its own legal defense services. A majority of the costs for which Southwest Marine seeks reimbursement represents the NRDC's legal fees. Southwest Marine did not incur the NRDC's fees "in order to enhance [its] legal, economic, financial, or technical position[ ]." *Id.* Rather, Southwest Marine incurred the NRDC's legal fees solely because the district court assessed them against Southwest Marine. Thus, Southwest Marine's costs, as a whole, cannot be classified as allowable costs of professional and consultant services within the meaning of § 31.205-33.

---

applied § 31.204(c)'s similar or related to principle when it analyzed whether a contractor's costs of defending, and ultimately settling, a shareholder derivative lawsuit were allowable costs. *Id.* After examining § 31.204(c) and the court's prior allowability determination in *Caldera v. Northrop Worldwide Aircraft Services, Inc.*, 192 F.3d 962, 972 (Fed. Cir. 1999) (concluding that a contractor's costs of unsuccessfully defending a wrongful discharge lawsuit brought by several of the contractor's former employees were not allowable under the FAR), the *Boeing* court deduced "a simple principle — that the costs of unsuccessfully defending a private suit charging contractor wrongdoing are not allowable if the 'similar' costs would be disallowed under the regulations." *Boeing*, 298 F.3d at 1286.

Even assuming that § 31.205-33 and § 31.205-47(b) are both relevant to the cost allowability determination in this case, we cannot conclude that Southwest Marine's costs are allowable. Section 31.204(c) addresses situations in which more than one subsection of FAR § 31.205 is relevant to an allowability determination:

> When more than one subsection in 31.205 is relevant to a contractor cost, the cost shall be apportioned among the applicable subsections, and the determination of allowability of each portion shall be based on the guidance contained in the applicable subsection. When a cost, to which more than one subsection in 31.205 is relevant, cannot be apportioned, the determination of allowability shall be based on the guidance contained in the subsection that most specifically deals with, or best captures the essential nature of, the cost at issue.

*Id.* § 31.204(c). In this case, Southwest Marine's costs cannot be apportioned. *See Rumsfeld v. Gen. Dynamics Corp.*, 365 F.3d 1380, 1386-1387 (Fed. Cir. 2004) (declining to apportion a government contractor's litigation costs between its successful and unsuccessful claims); *id.* at 1387 n.4 (distinguishing between apportioning a contractor's litigation costs for fee-shifting purposes and for procurement purposes). Thus, the allowability determination must be made based on the guidance in the subsection that best captures the essential nature of Southwest Marine's claimed costs.

**[4]** In addition to our previous discussion, we note that § 31.205-33(b) explicitly references § 31.205-47. 48 C.F.R. § 31.205-33(b). As § 31.205-33 addresses the general category of professional and consultant service costs, and § 31.205-47 addresses the more specific category of costs of legal and other proceedings, the principles of § 31.205-33 include and direct our attention to § 31.205-47. The costs of legal and other proceedings described in § 31.205-47(b) are

similar to Southwest Marine's claimed costs. Southwest Marine's costs do not reflect general legal advice provided to the contractor; rather, the costs reflect the contractor's defense of a specific lawsuit and the consequences of its unsuccessful defense. For these reasons, we believe § 31.205-47(b) best captures the essential nature of Southwest Marine's costs. As the costs identified in § 31.205-47(b) are disallowed, Southwest Marine's costs are also disallowed.

## IV.

Southwest Marine contends that the relevant FAR provisions and the Board's interpretation of those provisions violate the statute from which the regulations arise. Specifically, Southwest Marine contends that 10 U.S.C. § 2324(k) provides an exhaustive list of unallowable costs and does not authorize any regulation expanding that list. Because § 31.204(c) permits disallowance of costs that are similar or related to other disallowed costs, Southwest Marine contends that § 31.204(c) is an unenforceable interpretation of the statute. Additionally, Southwest Marine asserts that the application of FAR § 31.204(c) in conjunction with § 31.205-47(b) violates the text of 10 U.S.C. § 2324(f), which requires the promulgation of detailed cost allowability regulations.

The Government contends that the regulations constitute permissible interpretations of 10 U.S.C. § 2324. The Government contends that no language in § 2324(k) suggests that the costs identified therein are the only unallowable costs. Furthermore, the Government notes that FAR § 31.204 pre-dates 10 U.S.C. § 2324(k). Thus, when Congress enacted § 2324(k) it did so against the backdrop of, and with the knowledge of, existing regulations, including § 31.204. Finally, the Government contends that § 31.205-33 and § 31.205-47 provide sufficiently detailed cost allowability regulations in accordance with § 2324(f).

When reviewing an agency's interpretation of a statute that the agency administers, this Court must make two inquiries:

First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

*Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-843 (1984).

A.

**[5]** 10 U.S.C. § 2324 is silent as to whether the costs identified therein constitute an exhaustive list of all unallowable costs. Moreover, the statute does not speak to the allowability of a contractor's costs of unsuccessfully defending a private party Clean Water Act lawsuit. The statute provides, in relevant part:

(e) Specific costs not allowable. — (1) The following costs are not allowable under a covered contract:

\* \* \* \* \*

(O) Costs incurred by a contractor in connection with any criminal, civil, or administrative proceeding commenced by the United States or a State, to the extent provided in subsection (k).

\* \* \* \* \*

(k) Proceeding costs not allowable. — (1) Except as otherwise provided in this subsection, costs incurred by a contractor in connection with any criminal, civil, or administrative proceeding commenced by the United States or a State are not allowable as reimbursable costs under a covered contract if the proceeding (A) relates to a violation of, or failure to comply with, a Federal or State statute or regulation, and (B) results in a disposition described in paragraph (2).

(2) A disposition referred to in paragraph (1)(B) is any of the following:

\* \* \* \* \*

(C) In the case of any civil or administrative proceeding, the imposition of a monetary penalty by reason of the violation or failure referred to in paragraph (1).

10 U.S.C. § 2324. The restrictive reading of the statute advanced by Southwest Marine has been rejected by the Federal Circuit. *See Brownlee*, 349 F.3d at 1353 ("The reference in [10 U.S.C. § 2324](k)(5)(c) to 'contractor misconduct' does not suggest that only contractor convictions are covered by subsection (k)(2)(A) or that the subsection cannot be construed to include employees within the term 'contractor.' "). We also decline to adopt such a narrow interpretation.

[6] Because Congress has not spoken directly to the allowability of the costs at issue and has made no indication that § 2324(k) is an exhaustive list of all unallowable costs, we must determine whether § 31.204(c), which operates in conjunction with the subsections of § 31.205 to determine cost allowability, constitutes a permissible construction of 10

U.S.C. § 2324. FAR § 31.204 or an equivalent provision, indicating that not all costs are covered in the procurement regulations, that the failure to include a cost implies nothing about the allowability of the cost and that allowability determinations should be based upon the treatment of similar or related costs, has appeared in the procurement regulations since at least 1959. *See Fed. Elec. Corp.*, 67-2 BCA P 6416, ASBCA No. 11324 (1967). Congress enacted § 2324(k) in 1988 as part of the Major Fraud Act, which sought to curtail situations in which the United States reimbursed a contractor's legal defense fees while also financing the prosecution of the case. *See* 134 CONG. REC. S16697-01 (Oct. 18, 1988); *Fluor Hanford, Inc. v. United States*, 66 Fed. Cl. 230, 232-233 (Fed. Cl. 2005). Thus, the principles of § 31.204 predate Congress's delineation of certain unallowable costs in 10 U.S.C. § 2324(k).

**[7]** When Congress amended 10 U.S.C. § 2324(k) in 1988, Congress did not mention § 31.204, nor did Congress indicate that § 31.204 should not apply to § 2324(k). "Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law, at least insofar as it affects the new statute." *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 802-803 (1985) (quoting *Lorillard v. Pons*, 434 U.S. 575, 581 (1978)). Thus, because Congress was aware of § 31.204 and its applicability to cost allowability determinations, yet made no attempt to exclude its application to the costs identified in § 2324(k), we conclude that FAR § 31.204 is a permissible construction of 10 U.S.C. § 2324 and was properly applied to disallow Southwest Marine's claimed costs.

## B.

We examine whether the FAR provides sufficiently detailed cost allowability regulations. The relevant portion of the statute directs:

(f) Required regulations. — (1) The Federal Acquisition Regulation shall contain provisions on the allowability of contractor costs. Such provisions shall define in detail and in specific terms those costs which are unallowable, in whole or in part, under covered contracts. The regulations shall, at a minimum, clarify the cost principles applicable to contractor costs of the following:

* * * * *

(H) Professional and consulting services, including legal services.

10 U.S.C. § 2324(f). We conclude that § 31.204, § 31.205-33 and § 31.205-47 are permissible interpretations of § 2324(f) as all three relevant FAR provisions provide sufficiently detailed guidance on the allowability of specific contractor costs, including legal services.

[8] FAR § 31.205-33 governs the allowability of professional and consultant service costs and articulates factors to be considered in determining the allowability of such costs. As further clarification for a category of costs that could arguably come within the purview of § 31.205-33, the FAR contains § 31.205-47 to specifically address, in a more detailed manner, costs related to certain types of legal proceedings. In addition, § 31.204(c) expressly recognizes that the FAR does not address all costs for which a contractor may seek reimbursement and provides guidelines for making allowability determinations when faced with a cost not expressly recognized in the FAR. Thus, alone and in combination, § 31.205-33, § 31.205-47 and § 31.204 provide detailed guidelines for the allowability of legal service costs as required by 10 U.S.C. § 2324(f), and constitute permissible interpretations of the statute.

V.

For the foregoing reasons, we conclude that the District Court properly determined that the costs incurred by Southwest Marine in conjunction with its unsuccessful defense of the NRDC's Clean Water Act lawsuit are unallowable because Southwest Marine's costs are similar to costs disallowed in FAR § 31.205-47(b). Additionally, we conclude that FAR § 31.204, § 31.205-33 and § 31.205-47 constitute permissible constructions of 10 U.S.C. §§ 2324(f) and 2324(k), and that the District Court's application of these FAR provisions, alone and in combination, did not violate 10 U.S.C. § 2324.

AFFIRMED.